**IN THE COURT OF APPEALS OF IOWA**

No. 16-2215
Filed July 6, 2017

**BRYAN M. SHAW,**
          Petitioner-Appellant,

**vs.**

**WHITNEY R. CASE,**
          Respondent-Appellee.

_____

          Appeal from the Iowa District Court for Story County, John J. Haney,

Judge.

          Father appeals from an order denying his petition to modify a stipulated

order of paternity, custody, child support, and medical support.  **AFFIRMED.**

          Stephen C. Humke of Newbrough Law Firm, L.L.P., Ames, for appellant.

          Whitney R. Case, Greenfield, pro se appellee.

          Considered by Vogel, P.J., and Doyle and McDonald, JJ.

**MCDONALD, Judge.**

Bryan Shaw and Whitney Case have three children: A.J.S. (born 2004), C.M.S. (born 2006), and A.R.S. (born 2007). In the fall of 2013, following their separation, Bryan and Whitney stipulated Whitney would have physical care of the children and Bryan would exercise visitation on alternating weekends and holidays. An order was entered to that effect. In May 2016, Bryan filed a petition for modification after Whitney informed him her child from another relationship had been physically abused by the child's father.

In November 2016, the modification action proceeded to trial. Bryan sought physical care of the children and asked the court to order any visitation exercised by Whitney be supervised. The record reveals Whitney was no longer involved with the abusive paramour at the time of trial. Bryan raised additional concerns, including one child's late-night-text-messaging activity and the fact one child had contracted head lice. The district court denied the petition to modify the physical care arrangement, concluding Bryan had failed to establish a substantial change in circumstances and had failed to establish he could provide superior care.

On de novo review, *see In re Marriage of Harris*, 877 N.W.2d 434, 440 (Iowa 2016), we affirm the judgment of the district court. The sparse record is insufficient to establish the "substantial change of circumstances" our case law requires. *See In re Marriage of Frederici*, 338 N.W.2d 156, 161 (Iowa 1983). Although Bryan took reasonable action following Whitney's report of child abuse in her home, the record shows the parties' children were not present at the time of the abuse and suffered no harm from the abuse. The record further shows

Whitney is no longer in a relationship with the abusive paramour. The concern, although legitimate at the time, is not ongoing. *See id.* at 158 ("The changed circumstances . . . must be more or less permanent, not temporary."). Like the district court, we conclude head lice and frequent late-night texting are not material changes in circumstances sufficient to transfer care to Bryan. *See id.* (requiring "material[]" change in circumstances).

We affirm the order of the district court without further opinion. *See* Iowa Ct. R. 21.26(1)(a), (d), (e).

**AFFIRMED.**